**Mark E. LOVEJOY, Petitioner–Appellant,**

v.

**Terry COLLINS, Warden, Respondent–Appellee.**

No. 01–3549.

United States Court of Appeals, Sixth Circuit.

Dec. 23, 2002.

Before NORRIS and CLAY, Circuit Judges; and O'MEARA, District Judge.*

OMEARA, District Judge.

On August 16, 1993, Nathan Curry, a known marijuana dealer, was shot to death in the apartment in Franklin County, Ohio where he lived with his wife and children. The petitioner and another man identified as Daryl Steferson were later arrested.

Petitioner Lovejoy was brought before the state trial court, charged with five crimes:

    1. Aggravated Murder with Prior Calculation and Design,

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

2. Aggravated Murder Committed During the Course of a Felony,

3. Aggravated Robbery,

4. Kidnapping, and

5. Having a Weapon Under a Disability.

After a trial beginning November 4, 1994, Lovejoy was, on November 19, 1994, declared not guilty as to Count 1, Aggravated Murder with Prior Calculation and Design. The jury could not agree on Counts 2, 3 and 4 (Count 5 was tried to the bench); and the trial court declared a mistrial on these three Counts. The state proceeded to retry Count 2 of the Indictment, Aggravated Murder Committed During the Course of a Felony, and the remaining two charges of aggravated robbery and kidnapping. On June 2, 1995, the second jury found Petitioner guilty on all three counts.

After being sentenced to life imprisonment on Count 2 and a consecutive fourteen years and six months to twenty-five years' imprisonment on the other charges as to which he was found guilty, Petitioner appealed his conviction for aggravated murder to the Ohio Court of Appeals. That court set aside Lovejoy's conviction for Aggravated Murder Committed During the Course of a Felony, holding that the state was collaterally estopped from trying Lovejoy on that charge by the earlier acquittal on Count 1.

On appeal to the Ohio Supreme Court, that court, divided four to three, reversed the state appellate court and reinstated Petitioner's conviction. The dissent set out three justices' belief that the Double Jeopardy Clause of the Fifth Amendment prohibited Lovejoy's retrial for aggravated murder. In responding to a petition for a writ of *habeas corpus* filed by Lovejoy on September 22, 1998, the United States District Court for the Southern District of Ohio, Eastern Division, denied the writ and this appeal was timely taken.

### DISCUSSION

Petitioner has argued below and before state courts that his conviction on Count 2 is offensive both to the Double Jeopardy prohibition of the Fifth Amendment and to the "constitutionalized" notions of criminal collateral estoppel (or "issue preclusion"), which should be applied here.

### A. Double Jeopardy

The trial court, in his instructions to the jury, stated, as to Count 1:

Murder is purposely causing the death of another. Before you can find the defendant guilty of murder, you must find that the State has proved beyond a reasonable doubt that the defendant on or about the 16th day of August, 1993, in Franklin County, Ohio, purposely caused the death of Nathan Curry.

(Tr. of 11/17/94 Proceedings, pp. 14–15; APX 618–19).

The trial court charged as to Count 2:

If as to Count 2, you find that the state failed to prove beyond a reasonable doubt that the defendant caused the death while committing or attempting to commit aggravated robbery, but the State has proved beyond a reasonable doubt that the death was purposely caused, you will consider the lesser offense of murder.

(Tr. of 11/17/94 Proceedings, pp. 16–19; APX 620–23).

The Fifth Amendment, applied to the states through the Fourteenth Amendment, prohibits making a person "subject for the same offense to be twice put in jeopardy of life or limb." *See Benton v. Maryland,* 395 U.S. 784, 793, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Petitioner argues strongly and persuasively that his

acquittal on Count 1 bars re-trial on Count 2 because both Count 1 and Count 2 require the same proof, that the defendant "purposely caused the death" of Nathan Curry, and because the "murder" which must be proven in Count 2 was a lesser included offense in Count 1, for which he was acquitted. It is Petitioner's position that the element "purpose to kill" was decided by the acquittal of Petitioner on Count 1.

Petitioner's double jeopardy argument also asserts that his acquittal on Count 1 effectively acquitted him of the lesser included offenses of murder and involuntary manslaughter. This court has held that murder (non-aggravated) and manslaughter are lesser included offenses to Counts 1 and 2. *Drake v. Superintendent, Trumble Corr. Inst.*, 106 F.3d 400 (6th Cir.1997). Petitioner argues that, therefore, acquittal on Count 1 bars his retrial on Count 2.

The argument that the new trial on Count 2 retries elements identical to those resolved in Petitioner's acquittal on Count 1 steps around the fact that while most of the elements as to which the jury should be satisfied under Count 1 must be proven to the jury in Count 2, there is an exception. The element of "prior calculation and design," which must be proved as to Count 1, is not involved in the prosecution on Count 2. If the jury acquitted on Count 1 because it wasn't satisfied that the prosecution had convinced it of "prior calculation and design," the verisimilitude of elements required by *Brown* would seem to be absent and, therefore, under the rule announced in *Brown,* the second trial (on Count 2) would not be double jeopardy to Petitioner.

However, as we suggest above, the Fifth Amendment may bar Petitioner's trial and conviction on Count 2 not because the elements are identical, but because murder, as lesser included offense, was part of what Petitioner was acquitted on in the first trial.

It is certainly consistent with (and supportive of) Petitioner's "lesser included offense" argument that the very same instructions were given to the jury on Counts 1 and 2.

This court has said that murder is a lesser included offense when a defendant is charged with an aggravated version of the prohibition of murder, as this petitioner was in Count 1. *Drake*, 106 F.3d at 400. Such an acquittal operates to bar a *second trial* of a defendant-a trial for committing ordinary murder.

We believe that the "lesser included offense" argument bars Petitioner's second trial on Count 2. Therefore, the conviction of Petitioner in the second trial for the offense charged in Count 2 must be set aside.

The Court further believes that the thorough analysis in the dissent of three justices of Ohio Supreme Court makes it unnecessary to reprise that analysis here.

### B. Collateral Estoppel

■ Part of the Fifth Amendment's prohibition of double jeopardy involves the principal of collateral estoppel or issue preclusion. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In a criminal proceeding, when a defendant has an issue (or element) decided in his or her favor, that issue may not be tried again in another proceeding. *Id.; Dowling v. United States,* 493 U.S. 342, 348, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990).

The doctrine of criminal collateral estoppel, sometimes called "issue preclusion" as "constitutionalized" by the Supreme Court, also leads to the conclusion that the decision by the district court must be reversed. We believe the Ohio 10th District Court of Appeals correctly decided that the doctrine

of issue preclusion barred Petitioner's retrial for felony murder and in doing so correctly applied United States Supreme Court case law from *Ashe*. Because the Ohio appellate court has so completely analyzed the bases of collateral estoppel, it is unnecessary to write more extensively on that issue.

The denial by the district court of a writ of *habeas corpus* is therefore RE-VERSED. The matter is REMANDED. An appropriate writ shall issue.